Tompkins, J.,
deffiveredHhe-opinion of the Court..
Easton, on. behalf of, the State, moved the Circuit-Court-of Pike county to set aside the-execution in this case, for irregularity. The Court overruled the motion, and in a bill of exceptions to this opinion, these facts are preserved : that Caldwell confessed the judgment in this case to the plaintiffs, bofore.the Clerk of the Circuit Court of Pike county," on the 15th of October, 1821, That Caldwell died in the latter part of January, 1822;..that letters pf. administration w,ere granted 24th March, 1822, .to James. Jones and Elizabeth Caldwell, and no execution had then been issued against. Caldwell on that judgment; that on the first Monday in, -February, 1823, the plaintiffs got judgment against Jones and Caldwell, administrators, in the County Court of Pike county, for the same sum of money above mentioned, and that said plaintiffs issued the execution now in question on the 15th Dec., 1823; that the State of Missouri, ,qn the second Monday in April, 1823, obtained judgment against the administrators oí said Caldwell, for $773 76 3-4, and that executions were issued on said judgment, first, on the 25th April, 1823, and on the 23d Dec., 1823, and certain monies were ruadé on them by the sale of real property. The judgment obtained by the State against Caldwell’s administrators, was for monies due from him in character of collector of taxes'-before the-judgment was confessed; the estate of Caldwell is not sufficient-to pay* his debts, and> the Attorney for the State insists it ought to he first paid. That the second judgment in the County Court merged "the first, and that execution could not regularly, issue before judgment had been revived by sci. fa.
These two last points are thought untenable by the. whole Court. The law forbids the issuing of an execution against the lands of a deceased .person in less than eighteen months after-administration is granted ;.there can then arise-no presumption of payment to make a sci. fa. necessary. A majority of the Court thinks the judg- - ment confessed before the Clerk of the Circuit Court to he legal, and that it is such a lien on the lands of the deceased as not to he divested by the right the State claims of having her claims first satisfied on the .death of her debtor. The Court is of opin- - ion, that it is not the intention of the Legislature to take from the creditor, on the death of the debtor, the right he had by the judgment acquired,. to .have sueh judg-- - ment satisfied out of the lands. The act which gives a priority to.debts.due..to the. *365 State, does not apply to this case. It is merely directory to the executor and administrator as to the manner in which they shall administer the assets : Acts, Nov. sess., 1821, p. 129, see. 29. The question of priority under this statute does not, therefore, arise between, these parties,, and their rights must he determined according to their priority of lien.. Here; Bryson, and others had the oldest lien upon the real estate. They have been guilty of no-laches in having their judgments satisfied.
It is, therefore, the-opinion of this Court, that the Circuit Court did not err, and. the judgment, or order thereof, is affirmed with costs,
M’Girk, C. J..
I do not agree to that part of the above opinion .which admits-the judgment confessed before the Clerk to be good.